# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# 1:13cv46

| | |
|---|---|
| MARK KEVIN MILLER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | MEMORANDUM AND |
| ) | RECOMMENDATION |
| ) | |
| WAL-MART, ) | |
| ) | |
| Defendant. ) | |
| ) | |

Pending before the Court is Defendant's Motion to Dismiss [# 16]. Plaintiff, who is proceeding *pro se*, brought this action pursuant to Title VII of the Civil Rights Act of 1964 asserting claims for unlawful race, sex, and color discrimination. Defendant moves to dismiss the Complaint in its entirety on a number of grounds. Plaintiff filed a timely response to the Motion to Dismiss. The Court **RECOMMENDS** that the District Court **GRANT in part** and **DENY in part** the motion [# 16].

### I.  Background[1]

Plaintiff – a forty-five year old black, male - worked for Defendant Wal-

---

1  Plaintiff attached a number of factual statements and summary of events to his Complaint. For purposes of ruling on this Motion to Dismiss, and in light of Plaintiff's *pro se* status, the Court has construed all of these additional factual statements as part of his Complaint.

1

Mart for a period of seven years. (Attach. to Pl.'s Compl. at p. 1.) On June 11, 2012, Plaintiff was assisting a white co-worker, Jamie Crotts, label and throw freight on the DA dock while his line on the dock was down. (Attach. to Pl.'s Comp. at p. 1; Pl.'s Compl. ¶ (D)(1)(c)(2).) Plaintiff is friends with Crotts, but the two were not sexually involved. (Attach. to Pl.'s Compl. p. 1.) Upon seeing Plaintiff assisting Crotts, a manager for Defendant Wal-Mart gave Plaintiff a written warning for misuse of company assets. (Ex. B. to Pl.'s Compl.; Attach. to Pl.'s Comp. at p. 1; Pl.'s Compl. ¶ (D)(1)(c)(2).)

Approximately two weeks later, Plaintiff spoke with a representative in the Human Resource Department and requested to be removed from the DA dock. (Ex. CC to Pl.'s Compl. at p. 4.) Defendant Wal-Mart then transferred Plaintiff to another position on the staple stock dock, which he started on July 1, 2012. (Attach. to Pl.'s Compl. at p. 1; Ex. CC to Pl.'s Compl. at p. 4.) Plaintiff's new job title was PR Driver. (Attach. to Pl.'s Compl. at p. 1; Ex. D to Pl.'s Compl.) Plaintiff contends that on July 2, 2012, he complained to two managers about not be treated fairly while working on the DA dock. (Attach. to Pl.'s Compl. at p. 2.)

On July 16, 2012, Plaintiff walked to the DA dock where he used to work to talk to Crotts. (Ex. CC to Pl.'s Compl. at p. 4; Attach. to Pl.'s Compl. at p. 2.) A manager then asked Plaintiff if he had clocked out or was still on the clock. (Ex.

CC to Pl.'s Compl. at p. 4-5.) Plaintiff responded that he had clocked out prior to coming onto the DA dock to talk to Crotts. (Ex. CC to Pl.'s Compl. at p. 5.) Defendant Wal-Mart, however, contends that Plaintiff had not in fact clocked out when he was talking to Crotts. (Attach. Pl.'s Compl. at p. 3; Pl.'s Compl. ¶ D(1)(e)(2).) On July 28, 2012, Plaintiff submitted a written statement to the human resources department summarizing his version of the events that transpired on July 16, 2012. (Ex. E to Pl.'s Compl.; Pl.'s Compl. ¶ D(1)(e)(2).) In this written statement, Plaintiff complained of what he perceived as racial discrimination by Defendant Wal-Mart. (Ex. E to Pl.'s Compl.) Subsequently, Defendant Wal-Mart terminated Defendant on August 4, 2012, for "Gross Misconduct – Integrity Issue." (Ex. F. to Pl.'s Compl.; Pl.'s Compl. ¶ D(1)(e)(2).) Specifically, Defendant Wal-Mart contends that Plaintiff lied to an area manager about being off the clock while talking to a white employee on the dock. (Ex. F. to Pl.'s Compl.; Pl.'s Compl. ¶¶ D(1)(d)(2) – (e)(2).) According to Plaintiff, he was disciplined and ultimately terminated, because of his non-sexual relationship with a white, female co-worker. (Attach. to Pl.'s Compl. at p. 1.) Plaintiff further contends that white co-workers at Wal-Mart were not disciplined or terminated for engaging in similar conduct. (Attach. to Pl.'s Compl. at p. 1.)

After he was terminated from his employment with Defendant Wal-Mart,

Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") on August 8, 2012. (Pl.'s Compl. ¶ C(3); Ex. 1 to Def.'s Mot. Dismiss.) Plaintiff's Charge of Discrimination alleged discrimination based on race, as well as a retaliation claim. (Ex. 1 to Def.'s Mot. Dismiss.) Plaintiff stated that he believed he was given a written warning and discharged from employment because of his race, and that he was retaliated against for opposing practices unlawful under Title VII. (Ex. 1 to Def.'s Mot. Dismiss.) The alleged dates of discrimination in the Charge of Discrimination were June 11, 2012, through August 4, 2012. (Ex. 1 to Def.'s Mot. Dismiss.) On December 21, 2012, the EEOC issued Plaintiff a Notice of Right to Sue. (Pl.'s Compl. ¶ C(4).)

Plaintiff then brought this action on February 22, 2013, asserting six causes of action. Count One asserts a gender discrimination claim. (Pl.'s Compl. ¶ D(a).) Count Two asserts a claim for failure to promote. (Pl.'s Compl. ¶ D(b).) Count Three asserts a racial discrimination claim. (Pl.'s Compl. ¶ D(c).) Count Four asserts a hostile work environment claim. (Pl.'s Compl. ¶ D(d).) Count Five asserts a claim for retaliation. (Pl.'s Compl. ¶ D(e); Attach. to Pl.'s Compl. at p. 2-3.) Finally, Count Six asserts a claim for unlawful termination. (Pl.'s Compl. ¶ D(f).) Plaintiff contends that the discriminatory acts for which he is bringing this action occurred on July 31, 2010, August 1-3, 2010, August 8, 2010, October 2-16,

2010, October 22, 2010, October 30, 2010, December 4, 2010, January 23, 2011, January 31, 2011, February 12, 2011, May 14, 2011, August 21, 2011, August 27, 2011, June 11, 2012, June 17, 2012, June 24-25, 2012, July 2, 2012, July 16, 2012, July 31, 2012, and August 4, 2012. (Pl.'s Compl. ¶ C(2).) Plaintiff submitted a description of the allegedly discriminatory and/or harassing conduct that occurred on each of the dates as exhibits to the Complaint. (See e.g. Ex. CC to Pl.'s Compl.)

After filing his Complaint in this Court, Defendant moved to dismiss the Complaint in its entirety pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. Plaintiff filed a response to the motion. Accordingly, the Motion to Dismiss is now properly before this Court for a Memorandum and Recommendation to the District Court.

**II.     Legal Standard**

The central issue for resolving a Rule 12(b)(6) motion is whether the claims state a plausible claim for relief. See Francis v. Giacomelli, 588 F.3d 186, 189 (4th Cir. 2009). In considering Defendant's motion, the Court accepts the allegations in the Complaint as true and construes them in the light most favorable to the Plaintiff. Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 253 (4th Cir. 2009); Giacomelli, 588 F.3d at 190-92. Although the Court accepts well-

5

pled facts as true, it is not required to accept "legal conclusions, elements of a cause of action, and bare assertions devoid of further factual enhancement . . . ." Consumeraffairs.com, 591 F.3d at 255; see also Giacomelli, 588 F.3d at 189. The Court, however, must also construe the allegations in the Complaint liberally since Plaintiff is proceeding *pro se*. See Slade v. Hampton Roads Reg'l Jail, 407 F.3d 243, 253 (4th Cir. 2005); Hill v. Braxton, 277 F.3d 701, 707 (4th Cir. 2002).

The claims need not contain "detailed factual allegations," but must contain sufficient factual allegations to suggest the required elements of a cause of action. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964-65 (2007); see also Consumeraffairs.com, 591 F.3d at 256. "[A] formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555, 127 S. Ct. at 1965. Nor will mere labels and legal conclusions suffice. Id. Rule 8 of the Federal Rules of Civil Procedure "demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949 (2009).

The Complaint is required to contain "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570, 127 S. Ct. at 1974; see also Consumeraffairs.com, 591 F.3d at 255. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the

reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678, 129 S. Ct. at 1949; see also Consumeraffairs.com, 591 F.3d at 255. The mere possibility that a defendant acted unlawfully is not sufficient for a claim to survive a motion to dismiss. Consumeraffairs.com, 591 F.3d at 256; Giacomelli, 588 F.3d at 193. Ultimately, the well-pled factual allegations must move a plaintiff's claim from possible to plausible. Twombly, 550 U.S. at 570, 127 S. Ct. at 1974; Consumeraffairs.com, 591 F.3d at 256.

**II. Analysis**

**A. Plaintiff's Gender Discrimination, Failure to Promote, and Hostile Work Environment Claims are Procedurally Barred**

Before a plaintiff files a Title VII claim, he or she must first file a charge of discrimination with the EEOC. Chacko v. Patuzent Institution, 429 F.3d 505, 508 (4th Cir. 2005). "Congress intended the exhaustion requirement to serve the primary purposes of notice and conciliation." Id. The EEOC charge defines the scope of a plaintiff's right to bring a subsequent civil action in federal court. Bryant v. Bell Atlantic Md, Inc., 288 F.3d 124, 132 (4th Cir. 2002). If a plaintiff fails to file a charge of discrimination and exhaust his or her administrative remedies, a federal court lacks subject matter jurisdiction over the claim of discrimination. Jones v. Calvert Group, Ltd., 551 F.3d 297, 300 (4th Cir. 2009).

A plaintiff, therefore, is generally limited to the allegations contained in the

7

administrative charge of discrimination in a subsequent federal lawsuit. Evans v. Techs. Applications & Serv. Co., 80 F.3d 954, 962-63 (4th Cir. 1996); Chacko, 429 F.3d at 509 ("Our cases make clear that the factual allegations made in formal litigation must correspond to those set forth in the administrative charge."); Jones, 551 F.3d at 300. For example, a plaintiff who only alleges race discrimination in his charge of discrimination with the EEOC may not maintain an action in federal court based on an allegation of age discrimination. See Chacko, 429 F.3d at 509. "A claim will also typically be barred if the administrative charge alleges one type of discrimination-such as discriminatory failure to promote-and the claim encompasses another type-such as discrimination in pay and benefits." Id. "Only those discrimination claims stated in the initial charge, those reasonably related to the original complaint, and those developed by reasonable investigation of the original complaint may be maintained in a subsequent . . . lawsuit." Evans, 80 F.3d at 963; see also Chacko, 429 F.3d at 509. Courts, however, must liberally construe an administrative charge of discrimination because it is typically not prepared by an attorney. Chacko, 429 F.3d at 509; Bonds v. Leavitt, 629 F.3d 369, 379 (4th Cir. 2011).

The Notice of Charge of Discrimination submitted by Plaintiff to the EEOC list only race as the basis of discrimination. (Ex. 1 to Def.'s Mot. Dismiss.)

8

Plaintiff did not check the color, sex, or age box. (Id.) Moreover, the factual description in the Charge of Discrimination only describes the events surrounding the June 11, 2012, written warning, his written statement regarding the events surround the July 16, 2012, incident, and his eventual termination for purportedly lying to a manager about being off the clock. (Id.) There are no facts supporting any claims based on color or sex.[2] Accordingly, to the extent that the Complaint asserts claims based on sex, age, or color discrimination, such claims are procedurally barred and subject to dismissal. See Jones, 551 F.3d at 301; Bryant, 288 F.3d at 132.

Similarly, any failure to promote claims are also subject to dismissal as Plaintiff failed to assert any such claim in his Charge of Discrimination; such claims are not reasonably related to the factual allegations in the Charge of Discrimination. See Chacko, 429 F.3d at 509-10. Finally, Plaintiff's claim for harassment, which the Court construes as a hostile work environment claim under Title VII, is also procedurally barred. The factual allegations in the Charge of Discrimination are limited to discrete acts related to the warning he received, his termination, and the alleged retaliation he suffered after submitting his written

---

2    As the Fourth Circuit has explained, "Color discrimination arises when the particular hue of the plaintiff's skin is the cause of the discrimination, such as in the case where a dark-colored African-American individual is discriminated against in favor of a light-colored African-American individual." Bryant v. Bell Atlantic Md., Inc., 288 F.3d 124, 133 n.5 (4th Cir. 2002). There are no allegations that Plaintiff was discriminated against on the basis of his particular skin color. Rather, Plaintiff alleges that he was discriminated against because of his race.

9

description of the events that transpired on July 16, 2012.³ The Charge of Discrimination does not contain factual allegations supporting a hostile work environment claim. There are no allegations related to actions by co-workers, only managers. A reasonable investigation into the charges of discrete acts by management in giving Plaintiff a written warning and allegedly terminating him based on his race could not reasonably be expected to lead to an investigation of Plaintiff's co-workers and whether they created a hostile work environment. See Chacko, 429 F.3d at 512-513. Accordingly, the Court finds that Counts One, Two, and Four are procedurally barred and subject to dismissal. The only claims that are properly before this Court are based on allegations that Defendant Wal-Mart discriminated against Plaintiff on the basis of his race when a manager gave Plaintiff a written warning on June 11, 2012, terminated Plaintiff on August 4, 2012, and retaliated against him based on the contents of his July 28, 2012, written account he provided to human resources and any verbal complaint of racial discrimination he made.

    **B.    The Complaint States a Claim for Racial Discrimination and Retaliation**

Title VII prohibits an employer for terminating or discriminating against an

---

3    To the extent that Plaintiff also basis his retaliation claim on his verbal complaint of racial discrimination, such a claim would be reasonably related to the factual allegations alleged in the Charge of Discrimination and not procedurally barred.

employee with respect to his or her compensation, terms, conditions, or privileges of employment because of the employee's race. 42 U.S.C. § 2000e-2(a). Unless a plaintiff can come forward with direct evidence of discrimination, a plaintiff must establish a prima facie case of race discrimination by showing: (1) that plaintiff is a member of a protected class; (2) that plaintiff performed his or her job in a satisfactory manner; (3) that plaintiff suffered an adverse employment action; and (4) that plaintiff was treated differently than a similarly situated employee that was not a member of the protected class. Coleman v. Md. Court of Appeals, 626 F.3d 187, 190 (4th Cir. 2010). Title VII also makes it unlawful for an employer to discriminate against an employee because the employee opposed a practice that is unlawful under Title VII or that the employee reasonably believed was unlawful. 42 U.S.C. § 2000e-3(a); Jordan v. Alt. Res. Corp., 458 F.3d 332, 338 (4th Cir. 2006). This is generally known as a retaliation claim. See Kennedy v. St. Joseph's Ministries, Inc., 657 F.3d 189, 192 (4th Cir. 2011). In order to make out a prima facie retaliation claim in the absence of direct evidence, a plaintiff must demonstrate that: (1) he or she engaged in protected activity; (2) plaintiff suffered an adverse employment action; and (3) a causal link exists between the protected activity and the adverse employment action. Coleman, 626 F.3d at 190. A plaintiff, however, is not required to plead facts that constitute each of the elements

of a prima facie case in order to survive a motion to dismiss. Swierkiewicz v. Sorema N.A., 534 U.S. 506, 510-15, 122 S. Ct. 992 (2002); Coleman, 626 F.3d at 190; see also Craddock v. Lincoln Nat'l Life Ins. Co., No. 13-1123, 2013 WL 3782786, at *2-3 (4th Cir. Jul. 22, 2013).[4]

Accepting all the factual allegations as true, and after construing the allegations liberally and in favor of Plaintiff, the Court finds that Plaintiff has set forth a racial discrimination claim against Defendant Wal-Mart. Plaintiff alleges that he was an employee of Defendant Wal-Mart and generally performed his job well. While employed by Defendant Wal-Mart, Plaintiff received a written warning for misuse of company assets after he was talking to a white, female co-worker and assisting her perform her job duties. Plaintiff further alleges that white employees who undertook the same actions as Plaintiff did not receive written warnings for this conduct. Similarly, Plaintiff contends that he was terminated after a manager confronted him a second time about talking to this white co-worker while she was performing her job duties. Although the manager contends that Plaintiff lied to him about whether he was off the clock at the time, construing the

---

4   The Court recognizes that some Court's in this Circuit appear to have held otherwise. See e.g., George v. Roush & Yates Racing Engines, LLC, No. 5:11cv00025-RLV, 2012 WL 3542633, at *3 (W.D.N.C. Aug. 16, 2012) (Voorhees, J.) (holding that a plaintiff is required to plead factual allegations supporting each element of a prima facie case to survive a motion to dismiss). Despite the Supreme Court's rulings in Iqbal and Twombly, Swierkiewicz remains good law as to whether a plaintiff must plead facts supporting each element of a prima facie case to survive a motion to dismiss. See Coleman, 626 F.3d at 190. Swierkiewicz,was only overruled to the extent it applied the pre-Twombly pleading standard where a federal court could grant a motion to dismiss only where it was clear that no relief could be granted under any set of facts. See Giacomelli, 588 F.3d at 192.

complaint liberally and in favor of Plaintiff, Plaintiff alleges that he was in fact off the clock at the time and the manger did not accurately report the situation between the two of them.  Moreover, Plaintiff contends that the reason he received a written warning and was terminated was not for the reasons stated on the warning and the notice of termination but, rather, because of his race.  Specifically, Plaintiff contends that Defendant Wal-Mart terminated him because he was black and because he was assisting and socializing with a white, female co-worker while other white co-workers who engaged in the same activity were not similarly disciplined.  Although Defendant Wal-Mart may have disciplined and terminated Plaintiff for a permissible reason that is unrelated to race, one can reasonably draw the inference that he was terminated because of race from the factual allegations alleged in the Complaint.

Plaintiff also states a claim for retaliation.  Plaintiff alleges that he filed a written complaint with the human resource department on July 28, 2012, and that he made verbal complaints of racial discrimination.  The written complaint complains of the disparate treatment between black and white co-workers. Defendant Wal-Mart subsequently terminated Plaintiff.  Again, although Plaintiff's termination may have been for a legitimate reason that has nothing to do with Plaintiff's complaints of racial discrimination; the Complaint sufficiently states a

claim for retaliation. While Plaintiff may have a difficult time satisfying the evidentiary standard necessary to make out a prima facie case for discrimination at the summary judgment stage, his allegations are not so implausible as to warrant dismissing the racial discrimination and retaliation claims at this time.

### III. Conclusion

The Court **RECOMMENDS** that the District Court **GRANT in part** and **DENY in part** the Motion to Dismiss [# 16]. The Court **RECOMMENDS** that the District Court **GRANT** the Motion to Dismiss as to Counts One, Two, and Four and dismiss those claims without prejudice. The Court **RECOMMENDS** that the District Court **DENY** the motion as to Counts Three and Five to the extent the claims assert racial discrimination and retaliation claims.

Signed: November 8, 2013

Dennis L. Howell
United States Magistrate Judge

## **Time for Objections**

The parties are hereby advised that, pursuant to 28, United States Code, Section 636(b)(1)(c), and Rule 72, Federal Rules of Civil Procedure, written objections to the findings of fact, conclusions of law, and recommendation contained herein must be filed within **fourteen** (**14**) days of service of same. **Responses to the objections must be filed within fourteen (14) days of service of the objections.** Failure to file objections to this Memorandum and Recommendation with the district court will preclude the parties from raising such objections on appeal. Thomas v. Arn, 474 U.S. 140 (1985), reh'g denied, 474 U.S. 1111 (1986); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).