# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CIVIL CASE NO. 1:13-cv-00046-MR-DLH

| | |
|---|---|
| MARK KEVIN MILLER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **MEMORANDUM OF** |
| ) | **DECISION AND ORDER** |
| ) | |
| WAL-MART, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

**THIS MATTER** is before the Court on the Defendant's Motion to Dismiss [Doc. 16]; the Magistrate Judge's Memorandum and Recommendation [Doc. 29] regarding the disposition of said motion; the *pro se* Plaintiff's Response, which the Court construes as Objections to the Memorandum and Recommendation [Doc. 31]; and the Defendant's Response to Plaintiff's Objections to the Magistrate Judge's Memorandum and Recommendation [Doc. 32].

**I.    PROCEDURAL BACKGROUND**

On February 22, 2013, the Plaintiff, proceeding *pro se*, brought this action against his former employer[1], alleging six causes of action under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e, *et seq.* ("Title VII").  [Doc. 1].  Specifically, the Plaintiff asserted claims for: (1) "Gender Stereotypes & Denied Equal Work;" (2) failure to promote; (3) racial discrimination; (4) harassment; (5) retaliation; and (6) "termination of employment."  [Id.].  The Complaint also asserts that Plaintiff's claims arise from "race" and "color" discrimination.  [Id. at 3].

On April 2, 2013, the Defendant moved to dismiss the Complaint pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure.  [Doc. 16].  The Plaintiff filed a timely Response [Doc. 19], which he subsequently supplemented [Doc. 20].

Pursuant to 28 U.S.C. § 636(b) and the Standing Orders of Designation of this Court, the Honorable Dennis L. Howell, United States Magistrate Judge, was designated to consider the Defendant's Motion to Dismiss and to submit a recommendation for its disposition.  On November 8, 2013, the Magistrate Judge issued a Memorandum and

---

[1] The Plaintiff named "Wal-Mart" as the defendant in this action.  The Defendant asserts that the Plaintiff actually was employed by Wal-Mart Stores East, L.P., the operating entity for Distribution Center #6070.

Recommendation, which recommended that the Defendant's motion to dismiss be granted as to Counts One (gender discrimination), Two (failure to promote) and Four (harassment), as well as to the extent the Complaint asserts claims based on sex, age or color discrimination, on the grounds that such claims are procedurally barred. [Doc. 29]. Judge Howell also recommended that Defendant's motion to dismiss be denied as to Counts Three (discrimination) and Five (retaliation) to the extent that such claims assert racial discrimination and retaliation claims. [Id.]. Judge Howell did not make a specific recommendation regarding the disposition of Count Six ("termination of employment").

On November 15, 2013, the Plaintiff filed a pleading entitled "Plaintiff Respond [sic] to Defendant Memorandum and Recommendation Document 29" [Doc. 31], which the Court construes as Objections to the Memorandum and Recommendation. The Defendant has responded to the Plaintiff's Objections, urging the Court to adopt the Magistrate Judge's Recommendation. [Doc. 32]. Notably, the Defendant in its Response does not object to the Magistrate Judge's recommendation that the Motion to Dismiss be denied as to Counts Three and Five. Rather, the Defendant

requests only that the Court "confirm" that Count Six should be dismissed along with Counts One, Two, and Four.  [Id.].

Having been fully briefed, this matter is now ripe for disposition.

## II.  STANDARD OF REVIEW

The Federal Magistrate Act requires a district court to "make a *de novo* determination of those portions of the report or specific proposed findings or recommendations to which objection is made."  28 U.S.C. § 636(b)(1).  In order "to preserve for appeal an issue in a magistrate judge's report, a party must object to the finding or recommendation on that issue with sufficient specificity so as reasonably to alert the district court of the true ground for the objection."  United States v. Midgette, 478 F.3d 616, 622 (4th Cir. 2007).  The Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge to which no objections have been raised.  Thomas v. Arn, 474 U.S. 140, 150 (1985).  Additionally, the Court need not conduct a *de novo* review where a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations."  Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982).

## III. DISCUSSION

The Plaintiff has filed what purports to be objections to the Magistrate Judge's Memorandum and Recommendation. The Plaintiff's filing, however, does not identify any specific error in the Magistrate Judge's proposed conclusions of law. In fact, the Plaintiff's objections do not refer to the Memorandum and Recommendation in any way. Rather, the Plaintiff simply restates the allegations made in his Complaint and the arguments asserted in his Response to the Defendant's Motion to Dismiss. These type of objections do not warrant a *de novo* review of the Magistrate Judge's reasoning. Aldrich v. Bock, 327 F.Supp.2d 743, 747 (E.D. Mich. 2004) ("A general objection, or one that merely restates the arguments previously presented is not sufficient to alert the court to alleged errors on the part of the magistrate judge. An 'objection' that does nothing more than state a disagreement with a magistrate's suggested resolution, or simply summarizes what has been presented before, is not an 'objection' as that term is used in this context.").

After a careful review of the Memorandum and Recommendation, the Court concludes that the Magistrate Judge's proposed conclusions of law are correct and are consistent with current case law. Accordingly, the

Court hereby accepts the Magistrate Judge's recommendation regarding the dismissal of Counts One, Two, and Four, and these claims are hereby dismissed.

The Defendant points out that the Memorandum and Recommendation does not make a specific recommendation regarding the unlawful termination claim asserted in Count Six. The Defendant therefore seeks to "confirm" dismissal of Count Six on the grounds that the Plaintiff's Complaint is devoid of factual allegations insufficient to establish a causal link between the Plaintiff's race and the Defendant's decision to terminate his employment. [Doc. 32 at 6].

While the Magistrate Judge did not make a specific recommendation regarding the dismissal of Count Six, the body of the Magistrate Judge's Memorandum clearly addresses the claim. [See Doc. 29 at 13 ("Although Defendant Wal-Mart may have disciplined and terminated Plaintiff for a permissible reason that is unrelated to race, one can reasonably draw the inference that he was terminated because of race from the factual allegations alleged in the Complaint.")]. Based on the well-reasoned analysis of the Magistrate Judge, the Court will deny the Motion to Dismiss as to Count Six.

## IV. CONCLUSION

Having conducted a careful review of the Memorandum and Recommendation, the Court concludes that the Magistrate Judge's proposed conclusions of law are supported by and are consistent with current case law.

Accordingly, **IT IS, THEREFORE, ORDERED** that the Plaintiff's Objections to the Magistrate Judge's Memorandum and Recommendation [Doc. 31] are **OVERRULED**, and the recommendation of the Magistrate Judge [Doc. 29] is **ACCEPTED**.

**IT IS FURTHER ORDERED** that the Defendant's Motion to Dismiss [Doc. 16] is **GRANTED IN PART** and **DENIED IN PART** as follows:

(1) The Motion to Dismiss is **GRANTED** with respect to Counts One, Two, and Four of the Complaint, and these claims are **DISMISSED WITHOUT PREJUDICE**; and

(2) The Motion to Dismiss is **DENIED** with respect to Counts Three, Five, and Six of the Complaint.

**IT IS FURTHER ORDERED** that The Clerk of Court shall send the *pro se* Plaintiff a Notice of Availability of the Settlement Assistance Program. The Plaintiff shall have fourteen (14) days (the "Opt in Period") to

decide whether to participate in the Pro Se Settlement Assistance Program and return the completed Notice form to the Clerk of Court in Asheville. The deadline for conducting an initial attorneys' conference is tolled during this Opt in Period.

**IT IS SO ORDERED.**   Signed: January 10, 2014

Martin Reidinger
United States District Judge