IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:13cv46

| | |
|---|---|
| MARK KEVIN MILLER ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| WAL-MART, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

Pending before the Court is Plaintiff's Motion to Compel [# 50]. Plaintiff, who is proceeding *pro se*, moves to compel Defendant to produce additional documents in response to his First Request for Production of Documents. Defendant contends that it has produced all responsive documents in its possession. Upon a review of the record and the relevant legal authority, the Court **DENIES** the Motion to Compel [# 50].

### I.   Legal Standard

Generally speaking, parties are entitled to discovery regarding any non-privileged matter that is relevant to any claim or defense. Fed. R. Civ. P. 26(b)(1). "Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Id. Where

a party fails to respond to an interrogatory or a request for production of documents, the party seeking discovery may move for an order compelling an answer to the interrogatories or the production of documents responsive to the request. Fed. R. Civ. P. 37(a)(3)(B). "Over the course of more than four decades, district judges and magistrate judges in the Fourth Circuit . . . have repeatedly ruled that the party or person resisting discovery, not the party moving to compel discovery, bears the burden of persuasion." Kinetic Concepts, Inc. v. ConvaTec Inc., 268 F.R.D. 226, 243 (M.D.N.C. 2010) (collecting cases); Mainstreet Collection, Inc. v. Kirkland's, Inc., 270 F.R.D 238, 241 (E.D.N.C. 2010); Billips v. Benco Steel, Inc., No. 5:10cv95, 2011 WL 4005933 (W.D.N.C. Sept. 8, 2011) (Keesler, Mag. J.).

**II.     Analysis**

As a threshold matter, Rule 37 of the Federal Rules of Civil Procedure requires that a party filing a motion to compel "include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Fed. R. Civ. P. 37(a)(1). This rule is separate and distinct from the requirement of consultation contained in the Court's Local Rules. See LCvR 7.1(b). Here, Plaintiff failed to file a certification with his motion and failed to

consult or attempt to confer with Defendant regarding the alleged outstanding discovery prior to filing this motion. Accordingly, the Court **DENIES** the motion [# 50].

Moreover, upon the Court's review of the pleadings in this case, the exhibits in the record, and the relevant legal authority, it appears that Defendant has complied with its discovery obligations and produced the relevant documents in response to Plaintiff's discovery requests. Finally, as Defendant correctly points out in response to the motion, Plaintiff's request No. 15 is incomprehensible and Defendant need not respond to the request as drafted.

### III. Conclusion

The Court **DENIES** the motion [# 50].

Signed: September 12, 2014

Dennis L. Howell
United States Magistrate Judge