**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:13cv46**

| | |
|---|---|
| MARK KEVIN MILLER ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| WAL-MART, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

Pending before the Court is Defendant's Motion to Compel [# 54]. Defendant moves to compel Plaintiff, who is proceeding *pro se*, to produce documents in response to its First Set of Requests for Production of Documents and fully answer its First Set of Interrogatories. Plaintiff contends that it has produced all responsive documents in its possession and has fully answered the interrogatories. Upon a review of the record and the relevant legal authority, the Court **GRANTS** the Motion to Compel [# 54].

### I.     Legal Standard

Generally speaking, parties are entitled to discovery regarding any non-privileged matter that is relevant to any claim or defense. Fed. R. Civ. P. 26(b)(1). "Relevant information need not be admissible at the trial if the discovery appears

reasonably calculated to lead to the discovery of admissible evidence." Id. Where a party fails to respond to an interrogatory or a request for production of documents, the party seeking discovery may move for an order compelling an answer to the interrogatories or the production of documents responsive to the request. Fed. R. Civ. P. 37(a)(3)(B). "Over the course of more than four decades, district judges and magistrate judges in the Fourth Circuit . . . have repeatedly ruled that the party or person resisting discovery, not the party moving to compel discovery, bears the burden of persuasion." Kinetic Concepts, Inc. v. ConvaTec Inc., 268 F.R.D. 226, 243 (M.D.N.C. 2010) (collecting cases); Mainstreet Collection, Inc. v. Kirkland's, Inc., 270 F.R.D 238, 241 (E.D.N.C. 2010); Billips v. Benco Steel, Inc., No. 5:10cv95, 2011 WL 4005933 (W.D.N.C. Sept. 8, 2011) (Keesler, Mag. J.).

**II.     Analysis**

Defendant served Plaintiff with its First Set of Interrogatories and First Set of Requests for Production of Documents in May of 2014. In response to these discovery requests, Plaintiff provided Defendant with only various objections to the requests. (Ex. 2 to Def.'s Mot. to Compel.) Not only did Plaintiff object to each and every discovery requests on various grounds, but he objected to each of the definitions. Plaintiff did not provide Defendant with any substantive answers

to any of its interrogatories and did not provide Defendant with any documents responsive to the various discovery requests.

After a review of Defendant's discovery requests, Plaintiff's objections, and the relevant legal authority, the Court finds that most of Plaintiff's objections are without merit, frivolous, or consist of only boiler plate objections devoid of any substance. For example, Plaintiff objects to the following definition contained in Defendant's discovery request: "The term 'Plaintiff,' 'you" or 'your" means Mark Keven Miller." (Ex. 1 to Def.'s Mot. Compel; Ex. 2 to Def.'s Mot. Compel.) Plaintiff objects to this definition "on the grounds that is vague, overbroad, unduly burdensome, and that [it] is not possible to know all of the persons." (Ex. 2 to Def.'s Mot. Compel.) Plaintiff's response to Defendant's discovery requests is replete with similar nonsensical objections that have no basis in law or fact. Plaintiff has simply objected to each and every request and refused to answer any interrogatories or produce any documents despite the fact that he is obligated under the Federal Rules of Civil Procedure to do so.

Moreover, the legitimate objections offered by Plaintiff such as attorney client privilege or that the request is overbroad, are nothing more than boiler plate objections without any explanation as to how or why the objection applies to the request. Plaintiff may not set forth the same boiler plate objections to every single

discovery request of Defendant and then refuse to take part in discovery. Accordingly, the Court **GRANTS** the Motion to Compel. [# 54]. The Court **ORDERS** Plaintiff to respond fully and completely to each of the interrogatories and to produce all documents responsive to the discovery requests by October 1, 2014. The failure to comply with this Order will result in the imposition of sanctions against Plaintiff, including the possibility that the Court will recommend that the District Court dismiss Plaintiff's Complaint. Finally, the Court **DIRECTS** Plaintiff to **SHOW CAUSE** in writing by September 19, 2014, why the Court should not award Defendant its costs and fees pursuant to Rule 37(a)(5)(A) of the Federal Rules of Civil Procedure for bringing this motion.

### III. Conclusion

The Court **GRANTS** the motion [# 54]. The Court **ORDERS** Plaintiff to respond fully to each of the interrogatories and to produce all documents responsive to the discovery requests by October 1, 2014. The Court **DIRECTS** Plaintiff to **SHOW CAUSE** in writing by September 19, 2014, why the Court should not award Defendant its costs and fees pursuant to Rule 37(a)(5)(A).

Signed: September 12, 2014

Dennis L. Howell
United States Magistrate Judge